IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                CRIMINAL NO. 2:18-00087

SCOTT ALLEN PHILLIPS

MEMORANDUM OPINION AND ORDER

In Charleston, on April 11, 2024, came the defendant, in person and by counsel, Brian Yost; came the United States by J. Parker Bazzle, II, Assistant United States Attorney; and came United States Probation Officer, Jordan Clark, for a hearing on the petition to revoke defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke his term of supervised release, filed on September 9, 2023.  The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant was charged with four violations of supervised release:  (1) commission of a crime, (2) unlawful possession of a controlled substance, (3) use of a controlled substance, and (4) failure to complete drug rehabilitation as

ordered by the probation officer.  The defendant did not contest the violations, and the court found that they were proven by a preponderance of the evidence based on the government's proffers.

The highest-grade violation of supervised release is a Grade B Violation.  The defendant has a criminal history score of VI.  The court, therefore, found the Guideline imprisonment range for the revocation of supervised release to be 21-27 months. The court found that the Guideline range for supervised release following that imprisonment is thirty-six months, less any time of imprisonment imposed.

The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Therefore, the court stated that the relevant statutory period is 18 U.S.C. § 3583, which provides a maximum term of imprisonment of twenty-four months.

Neither party objected to the Guideline range determined by the court.  The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984,

2

that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of twelve months.  Upon release from imprisonment, the defendant will serve a term of supervised release of twenty-four months, with the first six months to be served in the local community confinement center.  While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall be subject to the Standard Conditions of Supervision adopted by this court.  All previously imposed conditions of supervision remain in effect.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days.  The court advised the defendant that if he wishes to appeal and cannot afford to hire counsel, the court will appoint counsel for him.  The defendant was further advised that if he

so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the probation department of this court.

It is **SO ORDERED** this 15th day of May, 2024.

ENTER:

David A. Faber
Senior United States District Judge